P. Raymond Sirignano, J.
In this proceeding brought by petitioners to set aside and annul an environment permit issued on December 27, 1974 by the respondent Commissioner of the Department of Environmental Conservation, the respondent and the intervenor-respondent move separately to dismiss the petition as a matter of law, upon the ground that this action is barred by the Statute of Limitations as contained in ECL 19-0511 (subd 2, par b); and upon the further ground that the petitioners are not aggrieved persons who are entitled to institute this proceeding.
In support of the application the respondent and the intervenor-respondent contend that the action is time-barred, since it was not commenced within two months after the issuance of the permit sought to be reviewed, as required by the provisions of the applicable statute (ECL 19-0511, subd 2, par b). The essential facts are as follows: on or about June 27, 1974 an application was filed on behalf of the intervenorrespondent for an "Indirect Source” permit with the Department of Environmental Conservation in connection with a shopping center known as the Jefferson Valley Mall which was proposed to be constructed by the intervenor-respondent in the Town of Yorktown. Thereafter, pursuant to statute, a public notice was published on November 27, 1974 in The *293 Yorktowner, a newspaper published in the Town of Yorktown, relative to the application made for the intervenor-respondent. No comments were received from the public in response to the published notice, except for a letter from one Rhoda Ash and on December 27, 1974 the permit, which is the subject of this proceeding, was issued.
On March 5, 1975 this proceeding was commenced by the service of a notice of petition and petition verified on March 3, 1975 upon the respondent Department of Environmental Conservation. On June 16, 1975 the petitioners were granted leave to amend their petition and the respondent Darswan, Inc. was granted leave to intervene in this proceeding, as an intervenor-respondent.
Thereafter, the instant motions to dismiss the proceeding were made upon the ground that the statute, ECL 19-0511 (subd 2, par b), requires that any proceeding to review the issuance of a permit by persons who are not "parties” to the administrative proceedings must be commenced within two months after the action of the department or the commissioner which is sought to be reviewed shall become final and binding, and since it was not so commenced, it is time-barred and the petition-must be dismissed.
Petitioners oppose the motions, contending that the proceeding was commenced within the four-month period that governs CPLR article 78 proceedings, and that the two-month requirement set forth in ECL 19-0511 (subd 2) is applicable only where an article 78 proceeding is not maintainable and thus, in the instant case, the two-month statute is not controlling. Petitioners also contend that they are aggrieved persons and that they have standing to initiate this action by virtue of the fact that "they were and are residents and taxpayers of the Town of Yorktown” and that they will be adversely affected if the environmental commission’s decision is upheld and the mall is built, since they will be exposed to increased carbon monoxide emissions and the resulting health hazards.
One Rhoda Ash has moved to be added as an additional petitioner in this proceeding nunc pro tunc as of March 5, 1975, the date that this proceeding was commenced. In support of her application, she contends that her home is about two blocks from the site of the proposed shopping center and that the construction of the Mall will cause serious air pollution due to increased traffic. She contends further that she saw the public notice in the local paper indicating that the *294 developers had applied for an air pollution permit, and she wrote the department expressing her concern; that 10 days later she received a reply to her letter advising that the permit had been issued and that her comments were considered; she claims that she was never given a chance to speak and no hearing was called.
The respondent and the intervenor-respondent oppose the motion upon the grounds that the application to be joined as a party is barred both by ECL 19-0511 and by CPLR 217 which provides as follows: "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final.”
Thus, it is the contention of the respondent and the intervenor-respondent that since Rhoda Ash’s application to be joined as a petitioner was made on or about July 9, 1975, which is more than six months after the determination sought to be reviewed became final, the application is barred by both the two-month Statute of Limitations contained in the ECL, and by the four-month Statute of Limitations in the CPLR which provides the general time limitation for article 78 proceedings.
The motions are disposed of as follows: it has been held that an individual must be personally "aggrieved” in order to commence an article 78 proceeding, and one who is merely in the class of "citizens and taxpayers” is not a person aggrieved who may complain of actions of public officials by way of an article 78 proceeding.
In the present proceeding the petitioners have alleged that they are "residents and taxpayers of the Town of Yorktown” and that they reside in proximity to the proposed mall and on roads which will carry increased traffic which will be generated by the said mall, which facts are the sole basis of their claim that they are aggrieved persons.
The permit which the petitioners are seeking to have annulled and set aside was issued on December 27, 1974. The petitioners were not parties to the administrative proceedings which resulted in the issuance of the permit and accordingly the statute which would be applicable is ECL 19-0511 (subd 2, par b) which requires that a review proceeding with regard to any final order or determination be made within two months after the action becomes final.
Accordingly, the last day to commence a review was February 27, 1975; however, this proceeding was not commenced *295 until March 5, 1975, which date was after the applicable Statute of Limitations expired.
It is well-settled that Statutes of Limitations are enacted for the purposes of fixing a known and limited time for the commencement of an action or proceeding, and it is designed to protect the citizens from stale and vexatious claims and to make an end to the possibility of litigation after a lapse of a reasonable time.
In the instant case the failure of the petitioners to commence a review proceeding within the time period provided by the statute, in the opinion of the court, bars the proceeding and accordingly the petition must be dismissed.
Rhoda Ash has also petitioned the court for an order authorizing her to be joined in this proceeding as an additional petitioner nunc pro tuncas of the date of the original petition.
In the opinion of this court the said Rhoda Ash was not a "party” to the original proceeding merely because she wrote a letter to the respondent agency and therefore her time to commence a proceeding to review the determination of the respondent agency was, likewise, limited to the two-month period provided in the statute. Thus, a granting of her motion, if the court were disposed to do so, would be a futile gesture under the circumstances.
Assuming, arguendo, however, that the court were to deem Rhoda Ash a "party” to the underlying administrative procedure, nonetheless the court could not countenance an attempt to circumvent the applicable four-month Statute of Limitations by allowing her to be joined in the proceeding nunc pro tunc to the date of the original petition, especially since this court has already determined that the original petition is time-barred and accordingly there is no proceeding pending upon which a nunc pro tunc application could be granted.
Motion by Rhoda Ash to be added as a petitioner is, accordingly, in all respects, denied.